**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION**

| | |
|---|---|
| **ROSALIE JUAREZ,** § | |
| Plaintiff, § | |
| **vs.** § | |
| § | |
| **DEPUTY JAYNNIE PIZANA** § | |
| **Individually and in her official capacity as a** § | |
| **Deputy with the El Paso County Sheriff's** § | **CAUSE NO. 3:17-CV-17-368** |
| **Office and RICHARD D. WILES, individually** § | |
| **And in his official capacity as the Sheriff at** § | |
| **the time of the incident the subject of this suit,** § | |
| **Jointly and Severally,** § | |
| § | |
| Defendants. § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES ROSALIE JUAREZ, (hereinafter called "Plaintiff"), by and through her attorney JOSHUA C. SPENCER, complaining of DEPUTY JAYNNIE PIZANA, individually and in her official capacity as a Deputy with the El Paso County Sheriff's Office (hereinafter referred as "Deputy Pizana") and RICHARD D. WILES, individually and in his capacity as Sheriff for the El Paso County Sheriff's Office at the time of the incident that forms the basis of this suit (hereinafter referred as "Sheriff Wiles"), Jointly and Severally, (Collectively "Defendants"), and for causes of action respectfully show the Court as follow:

Parties

1. Plaintiff, ROSALIE JUAREZ, is an individual, and resides in El Paso County, Texas.

2. Defendant, DEPUTY JAYNNIE PIZANA is an individual who is sued in her Official, Personal, and Individual capacities. DEPUTY JAYNNIE PIZANA may be served

with citations at her place of employment El Paso County Sheriff's Office, 3850 Justice, El Paso, Texas 79938.

3. Defendant, SHERIFF RICHARD D. WILES, is an individual who is sued in his Official, Personal, and Individual capacities. SHERIFF RICHARD D. WILES may be served with citations at his place of employment El Paso County Sheriff's Office, 3850 Justice, El Paso, Texas 79938.

4. Plaintiff is informed and believes and thereon alleges that each of the Defendants sued herein were negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as hereinafter described, and proximately cause injuries and damages to Plaintiff.

## Jurisdiction and Venue

5. On or about December 3, 2015, Defendants violated Plaintiff's civil rights, contrary to and in violation, of the 4th and 14th Amendment of the United States Constitution and liable to Plaintiff under 42 U.S.C. §1983. Plaintiff's cause of action constitutes federal question jurisdiction with the District Court pursuant to 28 U.S.C. § 1331 and 1343(a)(3) and (4).

6. Venue is proper in Western District of Texas El Paso Division pursuant to 28 U.S.C. § 1391(b)(2).

## Statement of Facts

7. On December 3, 2015 at about 8:00 p.m., Plaintiff was driving on 13990 Horizon Blvd El Paso, TX 79928 when Defendant Deputy Pizana pulled over Plaintiff in a marked vehicle unit from the El Paso County Sheriff's Department.

8. Defendant Pizana, approached the driver window and accused Plaintiff of

speeding.

9. Plaintiff asked if she could see the radar and Defendant Pizana became hostile to Plaintiff's request. Upon further information and belief, Defendant Pizana believed Plaintiff was refusing to sign the citation; when in fact, Plaintiff did not refuse.

10. Defendant Pizana opened Plaintiff's driver side door, unnecessarily forced and unreasonably grabbed Plaintiff's left forearm, and aggressively pulled her out of the vehicle. Plaintiff did not resist. Plaintiff was not allowed to wear her jacket or shoes when she was pulled out of her vehicle by Defendant Pizana.

11. Defendant Pizana pulled Plaintiff to the front of her unit with excessive force and unnecessarily put handcuffs around Plaintiff's wrists. Defendant Pizana pushed Plaintiff with so much force; her breasts hit the hood of the unit causing Plaintiff pain and suffering.

12. Plaintiff had immediately told Defendant Deputy that she had a miscarriage seven (7) days ago and was still in recovery. Despite Plaintiff's cries, Defendant Pizana arrested Plaintiff and placed her in official custody and informed Plaintiff she was under arrest for failing to sign the citation for speeding.

13. Upon further information and belief, Plaintiff told the Defendant Pizana that she would sign the citation and Defendant Pizana said "no" because she was under arrest. Plaintiff asked if her friend, who was in her vehicle, could leave and take her car and Defendant Pizana said no. Defendant Pizana made her walk home which is a 30 to 40-minute walk from where they were pulled over.

14. Upon further information and belief, Defendant Pizana drove at a high rate of speed on the way to jail and rolled down the two back windows while Plaintiff had no jacket and no shoes. Plaintiff informed Deputy she was cold and she rolled up the windows and about

five minutes later rolled them back down.

15. Plaintiff asked if she could take off the handcuffs because they were really tight and her shoulders were starting to hurt. Defendant Pizana said "no" and put her in the cell without removing the handcuffs. Defendant Pizana made comments indicating if had Plaintiff just signed the citation she'd be at home already. Additionally, Defendant Pizana said she could do whatever she wanted and change the report so it could stay in Plaintiff's record.

## Cause of Action – Violation of 42 U.S.C. §1983

16. Each of the Defendants sued herein were negligently, wrongfully, and otherwise responsible in some manner for the events and happenings as alleged herein, and proximately caused injuries and damages to Plaintiff.

17. In addition, each of the Defendants herein gave consent, aid, and assistance to each of the remaining Defendants, and ratified and/or authorized the acts or omissions of each defendant as alleged herein.

18. At all material times, Defendants Pizana and Sheriff Wiles were the agents, servants, and/or employees of El Paso County Sheriff's Office, and were acting within the course and scope of that relationship.

19. Moreover, at all material times, each Defendant acted under color of the laws, statutes, ordinances, policies, practices, customs, and usages of the County of El Paso.

20. At all materials times, the actions or omissions of each Defendant were intentional, wanton and/or willful, reckless, malicious, deliberately indifferent to the Plaintiff's rights, done with actual malice, grossly negligent, and objectively unreasonable.

21. The conduct of the Defendants described above, on or about December 3, 2015, without justification, violated Plaintiff's right to be free from the use of unnecessary,

unreasonable and excessive force and constituted an unlawful and unreasonable seizure of her person in violation of Fourth and Fourteenth Amendments to the United States Constitution.

22. By the actions and omissions described above, Defendants violated Section 42 U.S.C. §1983, depriving Plaintiff of the following clearly established and well-settled constitutional rights as protected by the Fourth and Fourteenth Amendments to the U.S. Constitution:

    a. the right to be free from unreasonable searches and seizures as secured by the Fourth and Fourteenth Amendments;

    b. the right to be free from use of excessive and unreasonable and unnecessary police force as secured by the Fourth and Fourteenth Amendments;

23. Defendants subjected Plaintiff to the deprivation of these rights knowingly, maliciously, and with conscious and reckless disregard for whether the rights and safety of Plaintiff and others would be violated by their acts and/or omissions.

24. Sheriff Wiles is responsible for the inadequate training and supervision of Defendant Pizana in connection with this incident as described herein, as well as the failure to adopt official policies to prevent the use of such excessive police force.

25. Moreover, Defendant Pizana and Sheriff Wiles were also responsible for inadequate training and supervision of the Defendant Pizana for her attempted cover-up of the use of excessive force.

26. Upon information and belief, after adequate opportunity for discovery, the evidence will reveal that in connection with this use of excessive force on Plaintiff, the Defendants were executing the official policy of the Defendants concerning the persistent and

wide-spread custom and practice of Defendants in allowing and condoning the use of excessive force by sheriff deputies in the County of El Paso.

27. Moreover, Defendants' policies were promulgated with deliberate indifference to be known or obvious consequences that Constitutional violations would result, and were a moving force behind the violation of Plaintiff's Constitutional rights, for which Plaintiff hereby sues.

28. Consequently, Plaintiff alleges the municipal liability of Defendants under the U.S. Supreme Court standard enunciated in **Monell v. Department of Social Service,** 436 U.S. 658, 98 S.Ct. 2018, 56 L. Ed. 2d 611 (1978) and the Fifth Circuit's en banc decision in **Webster v. City of Houston,** 735 F.2d 838 (5th Cir. 1984).

29. Therefore, Defendants are liable under 42 U.S.C. §1983 for the damages resulting from the violation of the Fourth and Fourteenth Amendments, for which Plaintiff hereby sues.

30. Plaintiff sues each and every Defendant for violating her federally protected rights under 42 U.S.C. §1983. Plaintiff incorporates the prior factual allegations and shows that the actions of the Defendants in their Official Capacities and Personal Capacities while acting under color of law resulted in violations Rosalie Juarez's rights guaranteed by the Fourth Amendment and the Fourteenth Amendment to the United States Constitution. Such violations are actionable under 42 U.S.C. §1983 and Plaintiff makes demand for damages and attorney's fees as allowed under the statue.

31. Plaintiff incorporates the prior factual allegations and notes that in the course of actions Deputy Jaynnie Pizana wrongfully applied physical force to

her, to include pushing her, restraining her and preventing her from moving. Plaintiff further notes that the County of El Paso and Sheriff Richard Wiles sanctioned or controlled co-defendants conduct and are jointly and severally liable to Plaintiff for her actions. Such actions resulted in Plaintiff's feeling physical pain and discomfort. Plaintiff further notes that the County of El Paso and Sheriff Wiles sanctioned or controlled co-defendants conduct and are jointly and severally liable to Plaintiff for her actions.

Inadequate Training and Supervision

32.     Plaintiff sues Defendants in their individual capacities for the unconstitutional actions and/or omissions of Deputy Pizana employed by or acting on behalf of El Paso County Texas and were pursuant to the following customs and/or policies of Sheriff Wiles, which were directed, encouraged, allowed, and/or ratified by the highest active acting policy makers in the El Paso County Sheriff's Office and which were a persistent and widespread practice of the El Paso County Sheriff's Office and employees, which, although not authorized by officially adopted and promulgated policy, are so common and well settled as to constitute a custom that fairly represents county policy for the El Paso County Sheriff's Office, namely:

      a. to use or tolerate excessive or deadly force without justification or explanation;

      b. to use unreasonably and unnecessarily aggressive tactics against persons who are unaware of the purpose of the police action, thereby creating situations where Deputies are more likely to use substantial physical, excessive and unnecessary force in such situation.

33. Moreover, Sheriff Wiles promulgated these customs and practices with a deliberate indifference to the known or obvious consequences that constitutional violations would result; specifically, violations of the 4th Amendment of the U.S. Constitution.

34. Sheriff Wiles failed to properly train, instruct, monitor, supervise, and discipline Defendant Pizana with deliberate indifference to Plaintiff's constitutional rights, which were thereby violated as described above.

35. Furthermore, the unconstitutional actions and/or omissions of the Defendant Pizana, as described above, were ordered, approved, tolerated and/or ratified by the highest acting policy making officers of El Paso County Sheriff's Office, including Sheriff Wiles.

36. Finally, the aforementioned policies, practices and customs, as well the failures to properly and adequately train, instruct, monitor, supervise and discipline, Defendant County of El Paso and Sheriff Wiles were a moving force and/or proximate cause of the deprivations of Plaintiff's 4th Amendment in the U.S. Constitution and Plaintiff seeks remedy under 42 U.S.C. §1983.

## Attorney Fees

37. Plaintiff is entitled to recover reasonable and necessary attorney feed under 42 U.S.C. §1988.

## Jury Demand

38. Plaintiff demands a jury trial and tenders the appropriate fee with this petition.

## Prayer

39. For these reasons, Plaintiff asks that the court issue citation for defendants to

appear and answer, and that plaintiff be awarded a judgment against defendant for the following:

    a.    Actual damages;

    b.    Exemplary damages;

    c.    Prejudgment and post judgment interest;

    d.    Court costs;

    e.    Attorney fees;

    f.    All other relief to which Plaintiffs are entitled.

Respectfully submitted,

**JOSHUA C. SPENCER**
1009 Montana Ave.
El Paso, Texas 79902
Tel: (915)532-5562
Fax: (915)532-7535

BY: _____
     **JOSHUA C. SPENCER**
     State Bar No. 24067879